

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ERNESTINE FLORES, | ) | CASE NO. 13-80077-G3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Extension of Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B)" (Docket No. 6) filed by the Debtor. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Ernestine Flores ("Debtor") filed the petition in the instant Chapter 13 case on February 27, 2013.

Prior to the instant case, Debtor was the debtor in Case No. 12-80606-G3-13 (the "First Case"). Debtor filed the petition in the First Case on December 3, 2012. Debtor filed a motion to dismiss the First Case on January 15, 2013. The First Case was dismissed by order entered on January 16, 2013.

Debtor testified that, prior to the filing of the First Case, Debtor and her husband were purchasing their home on a contract for deed. She testified that Debtor's interest in the property was about to be foreclosed. She testified that her husband approached Note Buyers Trust ("NBT") to obtain a loan.

On August 1, 2011, Debtor and Debtor's husband executed a note, in the original principal amount of $165,000, payable to NBT. The note provided that Debtor and Debtor's husband were to make monthly interest-only payments to NBT, with the full balance becoming due on August 25, 2012. (NBT Exhibit 1). Debtor and Debtor's husband also executed a deed of trust, with respect to the 9.873 acre tract. (NBT Exhibit 2).

Debtor testified that she and her husband occupy the property, and run their construction business from the property. The property also is occupied by Debtor's mother and father, Debtor's son and his girlfriend, and Debtor's grandchild.

Debtor testified that the funds from the NBT loan were used to pay off the contract for deed.

The Brazoria County Appraisal District values the property at $362,230. (NBT Exhibit 3).

Debtor made nine payments, totaling $32,923.55, between the inception of the loan and September 24, 2012. (NBT Exhibit 4). These payments represented the interest payments due on the

loan, plus three additional payments of $1,000.[1]  The payment history maintained by NBT asserts that the balance owed was $174,292.44 as of the petition date in the instant case.  (NBT Exhibit 4).

    Debtor testified that she did not understand bankruptcy procedures during the first case.  She testified that she was represented by James Patrick Brady in the first case.  She testified that she was not contacted about filing schedules.  She testified that an attorney in Brady's office advised her that it would be better to dismiss the case and file another case than to try to continue in the First Case.

    Debtor testified that she approached Brady about representing her in a second case.  She testified that Brady notified her that he could not represent her due to a conflict of interest.

    Tom Pike, the trustee of NBT, testified that Brady has represented NBT in the past.

    In the instant case, Debtor has proposed a plan. Debtor's plan calls for Debtor to make 60 monthly payments of $3,550 to Trustee, totaling $213,000, of which $193,834.07 is to be paid to NBT.  (Debtor's Exhibit C).

---

[1] The note called for additions of $1,000 to principal if Debtors were late with a payment.

Debtor's Schedules I and J indicate that Debtor has monthly income of $18,525.00 from a business, monthly expenses of $12,389.29 from the business, and an additional $2,583.54 in household expenses. Debtor's monthly net income, shown on amended Schedule J, is $3,552.17.

Debtor testified that the number on her schedules for monthly income for the business was derived by adding the accounts her business has performed during the last year, and dividing by twelve. She testified that the expense number was derived by adding the expenses for the year and dividing by twelve.[2]

Debtor testified that her construction business did not make as much money as she had projected during 2012 because her husband (who works with her in the business) was out of the country, and thus the business incurred additional expenses for lost material and construction jobs not being performed correctly.

Debtor testified that her business is getting better. She testified that her husband is in the country and is able to

---

[2] Debtor was questioned regarding a variance from the numbers in the schedules, in the monthly operating reports she has prepared in the instant case. Debtor testified that her business is busier in the summer months than in the winter months. Debtor was also questioned regarding a variance in her amended schedules from the original schedules filed in the instant case. She testified that she had not located all of the contracts when the initial schedules were filed. The court finds this testimony credible.

4

supervise the construction jobs effectively.  She testified that the business has several contracts nearing completion, and several new contracts.

## Conclusions of Law

Section 362(c)(3) of the Bankruptcy Code provides in pertinent part:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
>
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

>>> (i) as to all creditors, if--

>>>> * * *

>>>> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

>>>>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

>>>>> * * *

>>>> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

>>>>> * * *

>>>>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

11 U.S.C. § 362(c)(3).

In the First Case, there was no finding that Debtor failed to file documents. Rather, Debtor chose to voluntarily dismiss the First Case. Moreover, it appears that Debtor's

failure to file documents was caused by negligence (or, given counsel's conflict of interest, possibly malfeasance) of Debtor's counsel in the First Case.

In the instant case, there has been a substantial change in Debtor's financial circumstances, occasioned by her husband returning to the United States and resuming work in the family business. The court concludes that no presumption applies in the instant case.

Because the presumption does not apply in the instant case, Debtor bears the burden of proof of good faith in the instant case as to the creditors to be stayed by a preponderance of the evidence. <u>In re Collins</u>, 335 B.R. 646 (Bankr. S.D. Tex. 2006).

Debtor's testimony regarding the growth of her business is credible, and is uncontroverted. Debtor has proposed a plan which provides for substantial repayment of her debt to NBT, and has made a showing as to her ability to make the payments called for under the plan.[3]

The court concludes that Debtor has filed the instant case in good faith as to all creditors. However, the court will condition the stay on Debtor's continued making of plan payments

---

[3] The court notes that NBT, in its brief, has focused on the interest rate payable on its claim under the plan. The court makes no finding at this time as to whether the plan, in its present form, meets the standards for confirmation.

to the Chapter 13 Trustee, and obtaining plan confirmation within a reasonable time. The court's ruling also will be without prejudice to any motion filed to lift the stay under Section 362(d).

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on April 4, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE